IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








NO. WR-51,911-02






EX PARTE LEO GORDON LITTLE








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


IN CAUSE NO. 1998CR2162A-W1, 226
TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per curiam. Hervey, J., not participating. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071 § 5 of the Texas Code of Criminal Procedure.

 On February 25, 1999, a jury convicted Applicant of capital murder. At punishment,
the jury answered the special issues submitted pursuant to Article 37.071 of the Texas Code
of Criminal Procedure, and the trial court set Applicant's punishment at death. This Court
affirmed Applicant's conviction on direct appeal. Little v. State, No. 73,390 (Tex. Crim.
App. May 23, 2001)(not designated for publication). 

 In his only allegation, Applicant asserts that his death sentence is unconstitutional
because he was seventeen years old at the time he committed the capital murder in this case. 
On March 1, 2005, the United States Supreme Court held that the Eighth and Fourteenth
Amendments to the United States Constitution prohibit the execution of offenders who were
seventeen years old at the time they committed capital murder. Roper v. Simmons, 125 S.Ct.
1183 (2005). Applicant filed this subsequent application in the trial court on June 16, 2005. 
On June 22, 2005, Governor Rick Perry commuted the sentences of twenty-eight offenders
then on death row to sentences of life in prison because the offenders had committed their
crimes when they were seventeen. Applicant's sentence was one of those commuted. 
Because of this, Applicant's current claim is rendered moot. Accordingly, Applicant's
application is dismissed.

 IT IS SO ORDERED THIS THE 31st DAY OF August, 2005.

Delivered: 

Do Not Publish